UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Monk*, 3:23-cv-24750 | Judge M. Casey Rodgers Magistrate Judge Hope T. Cannon |

**ORDER**

Plaintiff Henry Monk asks the Court to reconsider previous orders dismissing his case with prejudice. *See* ECF Nos. 7 & 9. Monk's case was closed on March 6, 2024, when the Court dismissed his case with prejudice based on his failure to respond to a Show Cause Order. *See Monk*, 3:23-cv-24750, Ord., ECF No. 7. On March 14th, Monk inexplicitly sent a letter to the Court responding to the dismissal order and stating only why he should be compensated for his hearing loss. *See* ECF No. 8. Despite the procedural irregularity of it, the Court considered Monk's letter but found no extraordinary circumstances justifying an order to vacate the prior dismissal. *See* ECF No. 9. Monk now asks the Court to reconsider this decision stating only that he did not receive the dismissal order until March 18th which did not allow a sufficient response time (but providing no response).

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment or order on several grounds, including mistake, newly discovered evidence, fraud,

satisfaction, or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). However, a Rule 60(b)(6) motion should only be granted in "extraordinary circumstances," *Fed. Trade Comm'n v. Nat'l Urological Grp., Inc.*, 80 F.4th 1236, 1244 (11th Cir. 2023) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)). A Rule 60(b) motion should not be pursued as merely "a second bite at the apple" or as an "an appeal substitute," *Conner v. Stewart*, No. 16-16835-C, 2017 WL 5188321, at *3 (11th Cir. Feb. 27, 2017).

The Court finds again that Monk has not shown extraordinary circumstances to reopen his dismissed case. As an initial matter, Monk has had notice of the Court's initial dismissal order since March 8, 2024.[1] Furthermore, the Court considered Monk's response to the dismissal order and found that he failed to present any extraordinary circumstances that would excuse his noncompliance with CMO 57. *See* ECF No. 9.[2] Here, again, Monk's letter still does not address his

---

[1] The Court entered the Order dismissing Monk's case with prejudice on March 6th and mailed the Order to him via certified mail on the same day. *See* ECF No. 7. To ensure that he knew his case had been dismissed, the Clerk's Office called Monk on March 8th and explained to him that his case has been closed. The Clerk also informed Monk that he would receive the Order dismissing his case in the mail soon. Monk confirmed he knew his case had been closed prior to receiving the dismissal order in the mail because he called the Clerk's Office during the week of March 11th to inquire about having his case reopened. Monk then sent a letter to the Court asking to reinstate his case on March 14th. *See* ECF No. 8. Monk then received the dismissal order in the mail on March 16th and retrieved it on March 18th. *See* ECF No. 11.

[2] In reaching this conclusion, the Court explained that despite knowing for months that he must strictly comply with CMO 57, Monk never responded to the show cause Order regarding statute of limitations issues, nor did he address why he failed to comply with Court orders. *See* ECF No. 9.

noncompliance. Thus, Monk's instant request does not come close to meeting the Rule 60(b) standard. *See* Fed. R. Civ. P. 60(b).

Accordingly, Plaintiff Henry Monk's request to reconsider the dismissal of his case with prejudice is **DENIED**.

**SO ORDERED**, on this 25th day of March, 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**